IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MICHAEL BLOUGH,                              )
                                             )
                Plaintiff,                   )
                                             )
v.                                           )        Case No. CIV-13-191-D
                                             )
COOPERATIVE BENEFIT ADMINISTRATORS,          )
INC., *et al.*,                              )
                                             )
                Defendants.                  )


**O R D E R**

Before the Court are identical motions for dismissal pursuant to Fed. R. Civ. P. 12(b)(6), one

filed jointly by Defendants Cooperative Benefit Administrators, Inc., National Rural Electric

Cooperative Association, National Rural Electric Cooperative Association Group Benefits Program,

and Craig Kilmet[1] [Doc. No. 10], and another filed by Defendant Steve Newton [Doc. No. 27]. The

Motions seek partial dismissal of the Complaint, but do not challenge a claim for benefits under the

Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.* Plaintiff Michael

Blough has timely responded in separate briefs that present identical arguments, and Defendants

have replied. Thus, the Motions are at issue.

The moving defendants are, respectively, the claims administrator for an ERISA plan, the

plan sponsor, the ERISA plan, and individual employees of the first two entities. The Motions seek

the dismissal of Count II of the Complaint, which asserts state law theories of recovery that allegedly

are barred by ERISA preemption and, as to one theory, does not state a claim on which relief can

be granted. The Motions also seek a determination that Plaintiff cannot recover consequential or

punitive damages under ERISA and that certain defendants are not proper parties. In response to

---

[1] The Motion states the Complaint misspells this name, which should be "Kliment."

arguments regarding Count II, Plaintiff admits he cannot assert a claim under the Oklahoma Insurance Code regarding unfair and deceptive practices, Okla. Stat. tit. 36, § 1204; he offers to amend his pleading to omit allegations regarding this statute. *See* Pl.'s Resp. Br. [Doc. Nos. 20 & 28] at 3. Accordingly, the Court finds that the Motions should be granted to this extent, and addresses only the remaining issues.

## Standard of Decision

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). Also, the legal sufficiency of a complaint is properly decided under Rule 12(b)(6). *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

## Plaintiff's Allegations

The Complaint states that Plaintiff was employed by Defendant Rural Electric Coop, Inc., which is a member of National Rural Electric Cooperative Association ("NRECA") and a participating cooperative in an ERISA plan that it sponsors, National Rural Electric Cooperative Association Group Benefits Program. Cooperative Benefit Administrators, Inc. ("CBA") is the claims administrator for the plan, which includes a long term disability plan. Plaintiff alleges that he developed medical conditions that prevented him from performing his job, and he attended a meeting in February, 2009, during which representatives of his employer, NRECA, and CBA advised him that it would be in his best interest to apply for long term disability benefits. Plaintiff allegedly was not advised that the definition of "disability" under the plan would change after two years; he "was specifically advised that he would not be required to take . . . a job that would lower

2

his quality of life." *See* Compl. [Doc. No. 1] ¶ 18.  The Complaint states that Plaintiff last worked in May, 2009, and was then a plan participant.

Plaintiff applied for long term disability benefits in May, 2009, and was approved by CBA to receive payments beginning May 25, 2009.  However, in May, 2011, CBA allegedly advised Plaintiff that his long term disability benefits would be terminated as of May 24, 2011, because he no longer satisfied the plan's definition of disability. After two years, the plan defines "disability" as an inability to perform any gainful occupation, not merely the participant's own occupation. Plaintiff unsuccessfully appealed the termination decision, and has exhausted his administrative remedies under the plan.  In 2012, after CBA denied Plaintiff's final appeal, the Social Security Administration allegedly determined that Plaintiff was disabled and unable to engage in gainful employment.  Plaintiff's disability for purposes of the Social Security Act was determined to have commenced in August, 2009.

In Count I of the Complaint,  Plaintiff asserts that the decision to terminate his plan benefits was arbitrary and capricious and that Defendants' actions were willful, malicious, and done in bad faith.  Plaintiff alleges that Defendants represented he would receive long term disability benefits until he reached retirement age.  For relief, Plaintiff seeks to recover the amount of past due benefits to which he allegedly is entitled, prejudgment interest, attorney fees, and an order requiring payment of future benefits.  Plaintiff also alleges in Count I that Defendants' conduct caused him emotional distress and that he is entitled to punitive damages.  *See* Compl. [Doc. No. 1] ¶ ¶ 34, 38.

In Count II, the Complaint alleges that Defendants failed to perform their duties to provide truthful and accurate information regarding the long term disability plan and Plaintiff's benefits, and to deal fairly with him.  Plaintiff also alleges Defendants engaged in unconscionable conduct and took advantage of his lack of knowledge, experience, "or capacity to a grossly unfair degree." *Id*.

¶ 41.  Plaintiff asserts that he is a consumer under the Oklahoma Consumer Protection Act, Okla.

Stat. tit. 15, § 751 *et seq*., and that Defendants engaged in deceptive and unfair trade practices as

defined by § 752(13) and § 752(14).[2]  Count II states that as a result of these practices and "unlawful

activity in the provision of benefits and the handling of Plaintiff's claims . . . , Plaintiff has lost his

disability [benefits], his job, and suffered severe emotional distress and mental anguish."  *See*

Compl. [Doc. No. 1] ¶ 44.[3]

## Discussion

The Motions present purely legal issues:  a) Whether Plaintiff's state law claim alleging

deceptive and unfair trade practices is preempted by ERISA, 29 U.S.C. § 1144;[4] and b) Whether the

plan sponsor and individual employees are proper defendants on Plaintiff's ERISA claim for unpaid

benefits under 29 U.S.C. § 1132(a)(1)(B).

## A.      Federal Preemption

ERISA's preemption provision is "broadly worded" and "clearly expansive."  *Egelhoff v.*

*Egelhoff ex rel. Breiner*, 532 U.S. 141, 146 (2001).  It expressly "supersede[s] any and all State laws

insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA.  29

U.S.C. § 144(a).  The reach of this provision has been the subject of numerous judicial decisions,

---

[2]  Count II also states that Defendants conduct violated the Oklahoma Insurance Code, but because
Plaintiff has abandoned these allegations, they are disregarded.

[3]   Although this reference to the loss of Plaintiff's job is not explained in Count II, the Complaint
states in Count IV that Plaintiff's employment was terminated in December, 2012, as a result of the
termination of long term disability benefits.  Until that time, his employer had allegedly retained him as an
uncompensated employee, and he had continued to participate in an employee retirement plan.  Neither the
claim asserted in Count IV, nor a claim asserted in Count III regarding conduct in connection with Plaintiff's
application for social security disability benefits, is addressed by the Motions.

[4]  If this issue is answered affirmatively, Defendants are clearly correct that consequential damages
for emotional distress and punitive damages are not available under ERISA.  *See Allison v. UNUM Life Ins.*
*Co*., 381 F.3d 1015, 1025 (10th Cir. 2004). Plaintiff does not contend otherwise.

and its preemption of many types of claims is clear. ERISA preempts, for example, Oklahoma tort claims alleging breach of an insurer's duty of good faith and fair dealing. *See Conover v. Aetna US Health Care, Inc.*, 320 F.3d 1076, 1080 (10th Cir. 2003) ("Oklahoma bad faith law is . . . preempted because it 'relate[s] to an employee benefit plan' and conflicts with [ERISA]'s civil enforcement scheme. "); *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987) (bad faith, breach of fiduciary duty, and fraud claims preempted); *Allison v. UNUM Life Ins. Co.* 381 F.3d 1015, 1025 (10th Cir. 2004) (bad faith claim); *Pitman v. Blue Cross & Blue Shield*, 24 F.3d 118, 121 (10th Cir. 1994) (tortious breach of contract claim); *Kelso v. General American Life Ins. Co.*, 967 F.2d 388, 390-91 (10th Cir. 1992) (misrepresentation claim); *Peckham v. Gem State Mutual*, 964 F.2d 1043, 1050-51 (10th Cir. 1992) (bad faith and estoppel claims); *Settles v. Golden Rule Ins. Co.*, 927 F.2d 505, 509-10 (10th Cir. 1991) (tort of outrage, fraud, and wrongful death claims). "[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004).

Preemption of the precise claim asserted here, alleging violations of the Oklahoma Consumer Protection Act, has not been squarely decided by the court of appeals. For the same reasons discussed in other bad faith cases, however, the Court finds that Plaintiff's state law claim is clearly preempted. Another judge of this Court has found preemption of similar claims, although expressly considering a claim under the Massachusetts Unfair Trade Practices Act. *See Fortelney v. Liberty Life Assur. Co.*, 790 F. Supp. 2d 1322, 1353 (W.D. Okla. 2011). For reasons thoroughly explained by Judge Friot in *Fortelney*, the Court finds that Plaintiff's claim in Count II challenges the administration of an ERISA plan, conflicts with ERISA's remedial scheme, and is preempted.

Plaintiff seeks to avoid ERISA preemption by arguing that his state law claims are not based on conduct done in the administration of the plan but conduct "before [he] went on long term benefits." *See* Pl.'s Resp. Br. [Doc Nos. 20] at 8. Although not cited in Plaintiff's brief, this argument is apparently based on cases like *Woodworker's Supply, Inc. v. Principal Mutual Life Insurance Co.*, 170 F.3d 985 (10th Cir. 1999), in which claims of fraudulent inducement and violations of the New Mexico Unfair Practices Act were not preempted. ERISA did not preempt the claims asserted in *Woodworker's Supply*, however, because they were brought by the employer against an insurance company who had provided coverage for its employees. The insurer was sued "with respect to its pre-plan activity in its role as a seller of insurance, not as an administrator of an employee benefits plan." *Id*. at 991. Plaintiff acknowledges in his argument that his claim is based on statements that allegedly influenced him "in deciding to go on long term disability," that is, to apply for benefits under an existing ERISA plan in which he was a participant. *See* Pl.'s Resp. Br. [Doc Nos. 20] at 9. He is bringing a state law claim against ERISA entities – the employer, the plan, and alleged fiduciaries – based on their alleged misrepresentations of long term disability benefits available under the plan.

In short, the claim asserted in Count II of the Complaint would affect the administration and calculation of benefits under the ERISA plan and affect the duties of plan fiduciaries. It would duplicate or supplement ERISA's civil enforcement remedy and, therefore, is pre-empted.

**B.    Proper Defendants**

The movants concede that Count I of the Complaint states an ERISA claim for benefits. However, the plan sponsor (NRECA) and individual employees assert they are not proper parties to this claim. They contend the only proper parties are those with decision-making authority regarding Plaintiff's claim for disability benefits.

Plaintiff's response to this contention is not entirely clear. His briefing discusses ERISA's definition of a plan fiduciary, but does not allege that the moving defendants satisfy this definition. Instead, Plaintiff argues "that even though these defendants may not have been fiduciaries under the plan they are still subject to liability [on] the Plaintiff's claims of misrepresentation against them." *See* Pl.'s Resp. Br. [Doc. No. 20] at 10. Because the Court has found any misrepresentation claim to be preempted, it would appear that Plaintiff has conceded that the moving defendants are not proper parties and should be dismissed.

According to the Complaint, however, NRECA is both the plan sponsor and the plan administrator. *See* Compl. [Doc No. 1] ¶ 3. For purposes of the Motions, this allegation is accepted as true. Thus, because NRECA may be a plan fiduciary under 29 U.S.C. § 1002(21), it should not be dismissed under Rule 12(b)(6). On the other hand, the Complaint lacks any factual allegations that would establish fiduciary responsibilities of the individual defendants, and therefore, these defendants are entitled to dismissal of Plaintiff's ERISA claim against them.

## Conclusion

For these reasons, the Court finds that Plaintiff's state law claim in Count II of the Complaint is barred by ERISA preemption and that the individual movants, Craig Kilmet and Steve Newton, are not proper parties to Plaintiff's ERISA claim. This claim and these defendants should be dismissed with prejudice to refiling.[5]

---

[5] "[A] dismissal with prejudice is appropriate 'where [the] complaint fails to state a claim . . . and granting leave to amend would be futile.'" *See Rosenfield v. HSBC Bank, USA*, 681 F.3d 1172, 1189 (10th Cir. 2012) (quoting *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006)).

IT IS THEREFORE ORDERED that the Motions to Dismiss [Doc. Nos. 10 and 27] are

GRANTED. Plaintiff's state law claim in Count II and Defendants Craig Kilmet and Steve Newton

are dismissed with prejudice.

IT IS SO ORDERED this 22nd day of October, 2013.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE