IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL BLOUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-13-191-D |
| ) | |
| COOPERATIVE BENEFIT ADMINISTRATORS, ) | |
| INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Before the Court is the Motion to Strike Demand for Jury Trial [Doc. No. 9], filed by Defendants Cooperative Benefit Administrators, Inc., National Rural Electric Cooperative Association, National Rural Electric Cooperative Association Group Benefits Program, and Craig Kilmet.[1]  The Motion seeks a determination that the Complaint asserts claims under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*, for which there is no right to a jury trial.  Plaintiff Michael Blough has timely responded, and the Motion is at issue.

Contemporaneously with the Motion, the moving defendants also filed a motion for dismissal of Count II of the Complaint, which asserts state law theories of recovery preempted by ERISA.  By separate order, the Court has granted the requested dismissal.  *See* Order of Oct. 22, 2013 [Doc. No. 31].  The premise of the instant Motion is that, once a dismissal is ordered, any remaining claims arise under ERISA and Plaintiff is not entitled to a jury trial.  *See*, *e.g.*, *Graham v. Hartford Life & Accident Ins. Co.*, 589 F.3d 1345, 1357 (10th Cir. 2009).  Plaintiff does not disagree with this statement of the law, but argues that not all claims asserted in the Complaint are ERISA claims.

---

[1] The Motion states the Complaint misspells this name, which should be "Kliment."

To the extent that Plaintiff relies on his arguments in opposition to ERISA preemption, the Court has rejected Plaintiff's position. ERISA provides his exclusive remedies against the plan and its fiduciaries, and he has no right to a jury trial under ERISA. However, as noted in the October 22 Order, the Complaint asserts claims that were not challenged by Defendants' dismissal motions. *See* Order [Doc. No. 31] at 4, n.3.

Count III alleges that Defendant Allsup, Inc. ("Allsup") as agent of the claims administrator, Defendant Collective Benefit Administrators, Inc. ("CBA"), provided services to Plaintiff in connection with his application for social security disability benefits, that Allsup took an unreasonable amount of money "out of Plaintiff's checking account" after he was awarded benefits, and that "Plaintiff lost benefits to which he and his family were entitled to under his social security disability." *See* Compl. [Doc. No. 1] ¶¶ 53-54. It is unclear whether this claim arises under ERISA or from an independent relationship between Plaintiff and Allsup. Also, the status of this claim is unclear in light of Plaintiff's voluntary dismissal of Allsup pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). *See* Notice of Dismissal Without Prejudice [Doc. No. 24]. Because the claim has not been dismissed, however, and appears to be directed at CBA as Allsup's principal, it would be premature to determine that Plaintiff has no right to a jury trial regarding it.

Also, Count IV of the Complaint states that Plaintiff's employment was terminated in December, 2012, as a result of the termination of his long term disability benefits. Until that time, Plaintiff's employer, Defendant Rural Electric Coop, Inc. ("REC"), had allegedly retained him as an uncompensated employee, and he had continued to participate in an employee retirement plan. Plaintiff alleges he was wrongfully discharged based on REC's reliance on the improper termination of his disability plan benefits. On this claim, Plaintiff seeks reinstatement as an employee of REC and participant in its retirement plan, and recovery of employment-related benefits. The source of

Plaintiff's claim of entitlement to continued employment so long as he continued to receive disability benefits is unclear. Thus, the connection between this claim and Plaintiff's ERISA claim is also unclear. REC does not clarify the matter in its Answer [Doc. No. 25]. On the existing record, the Court is unwilling to make a determination regarding Plaintiff's right to a jury trial regarding Count IV.

IT IS THEREFORE ORDERED that the Motion to Strike Demand for Jury Trial [Doc. No. 9] is GRANTED in part and DENIED in part, as set forth herein.[2]

IT IS SO ORDERED this 22nd day of October, 2013.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] If it later becomes clear that the case involves both legal and equitable claims, bifurcation may be appropriate. *See Engle v. Mecke*, 24 F.3d 133, 135 (10th Cir. 1994). But if only ERISA claims are asserted, the case can be removed from the jury trial docket.