IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL BLOUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-191-D |
| | ) | |
| COOPERATIVE BENEFIT ADMINISTRATORS, | ) | |
| INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court is Defendants Rural Electric Cooperative, Inc.'s and Dale Nye's Motion to Dismiss [Doc. No. 43], filed pursuant to Fed. R. Civ. P. 12(b)(6). The Motion seeks dismissal of the Complaint for failure to state a claim upon relief can be granted, asserting that the moving defendants are not proper parties to a claim for benefits under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*, and that all state law theories of recovery are barred by ERISA preemption. Plaintiff Michael Blough has timely responded in opposition to the Motion, arguing that it is untimely under Rule 12(b)(6).[1] The time for filing a reply brief has expired, and thus, the Motion is at issue.

The moving defendants are Plaintiff's former employer and its chief executive officer.[2] They timely responded to the Complaint by filing a joint answer on May 13, 2013. The answer merely denies certain paragraphs of Plaintiff's pleading; it states no affirmative defenses. Other defendants

---

[1] Plaintiff has combined with his response a "Motion to Strike," asking that Defendants' Motion be stricken as untimely. This aspect of Plaintiff's filing is improper under LCvR7.1(c), which clearly provides: "A response to a motion may not also include a motion or a cross-motion made by the responding party." Therefore, Plaintiff's putative motion is disregarded.

[2] The Complaint identifies Mr. Nye only as an employee without identifying his job title. However, Plaintiff does not disagree with this characterization in his response brief.

responded to the Complaint by filing Rule 12(b)(6) motions, which were granted. The Court dismissed Count II of the Complaint as preempted by ERISA, and dismissed other individual defendants as improper parties to an ERISA claim in Count I. *See* Order of Oct. 22, 2013 [Doc. No. 31]. By the instant Motion, the moving defendants seek similar relief.[3]

Plaintiff's sole opposition to the Motion is a procedural objection. Plaintiff observes that Rule 12(b) plainly provides that a motion under that subsection "must be made before pleading if a responsive pleading is allowed." Because the moving defendants answered the Complaint in May, 2013, and did not file their Motion until October, 2013, Plaintiff asserts that the Motion was not timely filed and should be denied.

Plaintiff's position is procedurally correct. The time to file a Rule 12(b)(6) motion expired when the moving defendants filed their Answer [Doc. No. 25]. That is not to say, however, these defendants cannot properly raise their defense utilizing other procedural rules. According to Rule 12(h)(1), the defense of failure to state a claim is not waived by failing to include it in a motion or a responsive pleading; instead, it may be raised "by a motion under Rule 12(c)." *See* Fed. R. Civ. P. 12(h)(2). Rule 12(c) authorizes a party to move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." Therefore, although a Rule(b)(6) motion is procedurally improper at this stage of the litigation, Defendants may nevertheless raise their defense in a timely manner under Rule 12(c), if they so choose.

---

[3] The Motion also mentions, but contains no argument directed at, a wrongful discharge claim asserted in Count IV of the Complaint and a "wrongful garnishment" claim in Count III. In fairness to the movants, Plaintiff's allegations in support of these claims are confusing and his theories of recovery are unclear. Count III alleges misconduct only by other defendants, and Plaintiff does not articulate why the termination of his employment as alleged in Count IV was unlawful. However, because the moving defendants argue only ERISA preemption and fail to explain how Counts III and IV implicate ERISA's civil enforcement remedy, the Court could not find them to be preempted on the present record.

IT IS THEREFORE ORDERED that Defendants Rural Electric Cooperative, Inc.'s and Dale Nye's Motion to Dismiss [Doc. No. 43] is DENIED, without prejudice to filing a proper motion under Rule 12(c).

IT IS SO ORDERED this 3rd day of March, 2014.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE