IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MICHAEL BLOUGH,               )
                              )
            Plaintiff,        )
                              )
v.                            )      Case No. CIV-13-191-D
                              )
COOPERATIVE BENEFIT           )
ADMINISTRATORS, INC., *et al*., )
                              )
            Defendants.       )

# O R D E R

Two motions are currently pending before the Court:  Defendants Rural Electric Coop,

Inc. and Daley Nye's Motion for Summary Judgment [Doc. No. 65]; and Plaintiff's Amended

Motion to Stay Proceedings Pending Outcome of EEOC Investigation [Doc. No. 70].  These

motions are fully briefed and at issue.

This case began in February, 2013, as an action under the Employee Retirement Income

Security Act (ERISA), 29 U.S.C. § 1001 *et seq*., to recover long term disability benefits.  In

addition to an ERISA claim in Count I of the Complaint, Plaintiff asserted supplemental

claims as follows:  Count II, violation of Oklahoma statutes prohibiting deceptive consumer

and insurance practices; Count III, wrongful garnishment of social security benefits; and

Count IV, wrongful termination of employment.  By prior order, the Court has ruled that

Count II of the Complaint is preempted by ERISA; this claim was dismissed with prejudice.

*See* Order of Oct. 22, 2013 [Doc. No. 31] at 8.  The Court also dismissed two individual

defendants, and Plaintiff voluntarily dismissed others.  The remaining defendants are

Plaintiff's former employer, Rural Electric Cooperative, Inc. (REC), and its general manager, Dale Nye. These Defendants have moved for summary judgment pursuant to Fed. R. Civ. P. 56 on all remaining claims in the Complaint.

Plaintiff has responded to Defendants' motion and has separately moved for a stay of the case while he exhausts administrative remedies for a claim of employment discrimination under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*. In his summary judgment response, Plaintiff agrees with two propositions argued in Defendants' brief. Plaintiff concedes that he has no ERISA claim against REC or Mr. Nye because they were not plan fiduciaries, and that his claim of wrongful garnishment is not asserted against them. Plaintiff opposes summary judgment only with respect to Defendants' contention that Plaintiff "could not have been 'wrongfully terminated' by REC or Nye under any plausible legal theory." *See* Defs.' Motion & Br. [Doc. No. 65] at 14. Plaintiff argues that a genuine dispute of fact precludes summary judgment on the common law claim under *Burk v. K-Mart Corp*., 770 P.2d 24 (Okla. 1989), for wrongful termination of employment in violation of public policy. Thus, only a supplemental state law claim is presented for decision.

In his separate motion, Plaintiff states an intention to file an EEOC charge in order to exhaust administrative remedies for an ADA claim that came to light during discovery. Based on certain deposition testimony given by Mr. Nye, Plaintiff has come to believe that REC discriminated against him based on his disability. It is unclear exactly what ADA claim Plaintiff intends to assert; he mentions a need for accommodation, the termination of his employment, and a failure to hire him for an available position. Plaintiff plainly contends,

however, that his ADA claim is so connected to his pending wrongful discharge claim that the claims must be brought together.[1]  For this reason, Plaintiff asks that the case be stayed until administrative proceedings are concluded and his ADA claim can be joined.

Although Plaintiff does not cite legal authority for his request, Defendants concede that the Court has inherent authority to grant a stay, as recognized in *Landis v. North American Co.*, 299 U.S. 248 (1936).  Defendants oppose Plaintiff's request, however, on the grounds that the request comes too late and this case has proceeded too far for Plaintiff to add a new theory of recovery.  Defendants urge the Court to rule on their pending motion and dispose of this case on the basis of Plaintiff's existing pleading.  Defendants assert that Plaintiff intends to pursue an ADA claim based on REC's failure to select him for a position in 2012 and this claim is separate and distinct from his present wrongful termination claim.  They also assert that Plaintiff has no good reason for his delay and that the requested stay would be futile because Plaintiff's proposed EEOC charge is untimely.

"The proponent of a stay bears the burden of establishing its need." *See Clinton*, 520 U.S. at 708 (citing *Landis*, 299 U.S. at 254).  The Court understands Plaintiff's need for a stay to be based on the preclusive effect of a judgment in this case on his potential ADA claim.  Despite Defendants' argument that Plaintiff's pending claim and his ADA claim are unrelated, the Tenth Circuit "repeatedly has held that 'all claims arising from the same employment relationship constitute the same transaction or series of transactions for claim

---

[1]  Plaintiff states that the situation is one of "mandatory joinder as this additional cause of action arises out of the same employment relationship with the Defendant."  *See* Pl.'s Motion, ¶ 6.

preclusion purposes.'" *Wilkes v. Wyoming Dep't of Employment*, 314 F.3d 501, 504 (10th Cir. 2002) (quoting *Mitchell v. City of Moore*, 218 F.3d 1190, 1202 (10th Cir. 2000)). In *Wilkes*, the court of appeals held that an unexhausted Title VII claim was barred by the doctrine of claim preclusion. Even though the claim could not have been brought during the pendency of the case, the court reasoned that the plaintiff could have "sought a stay in the district court until completion of the EEOC administrative process." *See id*. at 506.[2]

Under the circumstances of this case, there is another solution to Plaintiff's dilemma. Because the case is proceeding under the supplemental jurisdiction conferred by 28 U.S.C. § 1367, the Court has discretion to decline jurisdiction when all claims within its original jurisdiction have been resolved. *See id*. § 1367(c)(3). The law of this circuit favors the dismissal of a case in which no federal claim remains for decision. *See Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."); *accord Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011). Because, in light of Plaintiff's previously noted concession, no federal claim will remain in this case, the Court may properly elect to dismiss the case rather than to stay it.

Defendants contend that the Court should proceed without allowing Plaintiff to pursue an ADA claim because his EEOC charge is untimely. Defendants appear to argue that an untimely filing presents a jurisdictional bar to suit. *See* Defs.' Resp. Br. [Doc. No. 75] at 7-8.

_____

[2] Because the plaintiff in *Wilkes* had filed her EEOC charge before filing suit and the 180-day investigation period had expired before a judgment was entered, the court reasoned that she also could have requested a right-to-sue notice and moved to amend her complaint to add the Title VII claim.

However, the timeliness requirements of federal employment discrimination statutes are "'not jurisdictional and may be subject to equitable tolling in appropriate cases.'" *Johnson v. United States Postal Service*, 861 F.2d 1475, 1480 (10th Cir. 1988) (quoting *Martinez v. Orr*, 738 F.2d 1107, 1110 (10th Cir. 1984)). It would be premature for the Court to rule that Plaintiff's ADA claim is time barred. Therefore, the Court finds that rather than press forward in this case and preclude Plaintiff from filing his federal claim, that the action should be dismissed without prejudice to refiling.

IT IS THEREFORE ORDERED that Defendants Rural Electric Coop, Inc. and Daley Nye's Motion for Summary Judgment [Doc. No. 65] is GRANTED in part and DENIED in part. Defendants are entitled to summary judgment on all claims asserted in the Complaint, except Plaintiff's state law claim asserted in Count IV. The Court declines to exercise supplemental jurisdiction over this claim, which will be dismissed without prejudice to refiling. Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that Plaintiff's Amended Motion to Stay Proceedings [Doc. No. 70] is DENIED as moot.

IT IS SO ORDERED this 10th day of September, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE